**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE TZOMPANTZI-SALAZAR, | No.   12-72826 |
| Petitioner, | Agency No. A200-196-389 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jose Tzompantzi-Salazar, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").   We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

The record does not compel reversal of the agency's determination that Tzompantzi-Salazar failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Tzompantzi-Salazar's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

With respect to CAT relief, substantial evidence does not support the agency's finding that Tzompantzi-Salazar failed to establish government acquiescence, *see Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079-80 (9th Cir. 2015) (BIA erred by requiring petitioner to also show the "acquiescence" of the government when the torture was inflicted by public officials themselves); *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) ("an applicant for CAT relief need not show that the entire foreign government would consent to or acquiesce in his torture"). Thus, we remand Tzompantzi-Salazar's CAT claim for

further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**